1 | Agnes Martin (SBN 217074)
2 | Martin Law Group
3 | 3500 West Olive Avenue, Suite 300
  | Burbank, California 91505
4 | Telephone: 800-910-4859
  | Facsimile: 800-910-4859
5 | agnes@martinlawgrp.com
6 |
7 | Attorney for Plaintiff
  | FELICIA JONES
8 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FELICIA JONES, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| vs. | |
| GE RETAIL CAPITAL BANK, JOHN DOES 1-10, JANE DOES 1-10, and X, Y, Z CORPORATIONS inclusive, | 1. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788] |
| Defendants. | 2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227] |

## **COMPLAINT FOR DAMAGES**

### **INTRODUCTION**

1. Felicia Jones (Plaintiff) brings this action to secure redress from GE Retail Capital Bank (Defendant) for violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788 (RFDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). The RFDCPA prohibits

- 1 -

COMPLAINT

false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute enacted in 1991 that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission (FCC).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's TCPA claims arise under the laws of the United States. Further, jurisdiction in this Court is proper for Plaintiff's RFDCPA claims under 28 U.S.C. § 1367(a) as Plaintiff's RFDCPA claims are so related to Plaintiff's TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Felicia Jones (Plaintiff) is an individual, residing in Inglewood, Los Angeles County, California 90301. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person and thus Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5. GE Retail Capital Bank (Defendant) is is a Florida corporation with its primary headquarters operations in Orlando, Florida. Upon information and belief, Defendant regularly does business within the State of California.

6. Upon information and belief, in the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and, as such, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV.

CODE § 1788.2(c).  Upon information and belief, Defendant regularly engages in the collection of debt by telephone in several states including, California.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## **FACTUAL ALLEGATIONS**

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

9. At all times relevant to this action, Defendant owned, operated and/or controlled telephone numbers from 1-605-355-5648 and 1-888-248-3182. At all times relevant to this action, Defendant called Plaintiff from, but not limited to the forgoing telephone numbers for the purpose of collecting the alleged debt.

10. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's cellular telephone number 323-877-7211. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's employer's telephone number 213-239-9400. Within one year prior to the filing of this action, Defendant regularly and repeatedly called Plaintiff at Plaintiff's home telephone number 424-243-7774.

11. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

12. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

COMPLAINT

13. Upon information and belief, on or about November 2013, Plaintiff began receiving telephone calls to her place of employment. Defendant called Plaintiff's employer's general number at 213-239-9400 as well as her direct office number at the office 310-973-6864

13. From at least approximately November 2013 to December 2013, Defendant contacted Plaintiff on her cellular phone numerous times despite having been explicitly told not to call her on her cellular phone.

14. When Plaintiff received a telephone communication on his cellular telephone from Defendant on or about November 2013, Plaintiff expressed that she did not want any further calls to her cellular phone and that she did not consent to the use of auto-dialers or any telephone calls to her cellular phone. Plaintiff explained that it was frustrating to receive debt collection calls to her cellular phone while she was at work as it reflected poorly on her and she was very frustrated by the calls. Plaintiff also explained that she was reachable in other ways than her cellular phone and that she wanted to be contacted by other means. Plaintiff provided her home telephone number and email address and again expressly stated that she did not consent to auto-dialer type calls to her cellular phone.

15. Despite Plaintiff's express instructions on or about November 2013 not to contact her on her cellular phone, Defendant continued to call her on her cellular phone on at least thirty (30) occasions.

16. After Plaintiff asked Defendant not to call her cellular number, Defendant continued to call her for the purpose of collecting a debt. After the November 2013 conversation, Defendant called Plaintiff on her cellular phone no less than thirty (30) times (often numerous times in one day).

17. Each time Defendant contacted Plaintiff on her cellular phone, she again explained in no uncertain terms to Defendant that she did not want calls to her cell phone. Plaintiff asked to speak with a supervisor many times and explained he did not want calls to her cellular phone but the calls did not stop.

18. On or about November 2013, Defendant called Plaintiff at her place of employment on both the office general phone number and her direct work number. Many other employees became aware of the alleged underlying debt as a result of these calls to the place of employment. Plaintiff demanded that all calls to her work stop but Defendant continued to call her work numbers. As an example, on or about November 15, 2013, after Defendant has already been told to never contact Plaintiff on her work numbers, Defendant's representative, Michael, called Plaintiff's work numbers and asked to speak with Plaintiff. Defendants representative, Michael, then put Plaintiff on hold for at least 10 minutes and never got back on the line with her.

19. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

20. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

21. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

22. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

29. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number 323-877-7211 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on or about November 2013, then again each and every time Defendant contacted him.

25. Defendant called Plaintiff at Plaintiff's cellular telephone number 323-877-7211 numerous times using an "automatic telephone dialing system" or an "artificial or prerecorded voice" after Plaintiff requested that Defendant stop calling Plaintiff.

25. Upon information and belief, at no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Upon information and belief, Defendant is not a tax exempt nonprofit organization.

27. Upon information and belief, within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than

COMPLAINT

thirty (30) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

28. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt at her place of employment.

29. Within one year prior to the filing of this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt and threatened to take legal action against Plaintiff if Plaintiff failed to pay the alleged debt.  Upon information and belief, at the time Defendant threatened to take legal action against Plaintiff it did not actually intend to take legal action against Plaintiff.

30. Within one year prior to the filing of this action, Defendant placed telephone calls to Plaintiff without disclosing Defendant's identity.

31. Within one year prior to the filing of this action, Defendant regularly blocked its telephone number when it called Plaintiff for the purpose of collecting the alleged debt.  Regularly when Defendant would call Plaintiff for the purpose of collecting the alleged debt, Defendant's number would come up on Plaintiff's caller identification as "unknown."  Plaintiff knew these calls were from Defendant because Defendant often left Plaintiff voicemails or Plaintiff would answer the telephone and speak directly with Defendant.

32. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

33. Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

34. Defendant's conduct as described in detail above amounted to a false, deceptive or misleading representation as to the character, amount or legal status of the alleged debt.


35. Defendant's conduct as described in detail above amounted to a false representation or deceptive means to collect the alleged debt or to obtain information about Plaintiff.

36. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

37. Defendant's conduct as described in detail above amounted to an attempt to collect any amount not authorized by the agreement creating the debt or otherwise permitted by law.

38. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

39. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

40. Defendant knew that the above detailed conduct was in violation of the TCPA. Upon information and belief, Defendant willfully and/or knowingly violated the TCPA no less than thirty (30) times.

## FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

41. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

50. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.10(e) by threatening to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(a) by using obscene or profane language while collecting or attempting to collect a consumer debt; and

(c) Defendant violated CAL. CIV. CODE § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents; and

(d) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(e) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(f) Defendant violated CAL. CIV. CODE § 1788.12(b) by communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse of the parents or the guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to located the debtor, or where the debtor or his attorney has consented in writing to such communication; and

(g) Defendant violated CAL. CIV. CODE § 1788.13(a) by communicating with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting; and

(h) Defendant violated CAL. CIV. CODE § 1788.13(j) by making a false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

(i) Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating with a debtor, other than statements of account, after the debt collector was notified in writing that the debtor is represented by an attorney; and

(j) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with a consumer in connection with the collection of any debt when the debt collector knows the consumer is represented by an attorney with respect to such debt; and

    (ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector; and

    (iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        (iv)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

        (v)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; and

        (vi)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

        (vii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(2) by making a false representation of the character, amount or legal status of any debt; and

        (viii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(4) by making a representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; and

        (ix)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken; and

        (x)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

        (xi)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(xii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and costs and attorney fees.

## SECOND CAUSE OF ACTION

**(Violation of the Telephone Consumer Protection Act,**

**47 U.S.C. § 227)**

52. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

53. On no less than thirty (30) occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

54. On no less than thirty (30) occasions, Defendant knowing and/or willfully violated the TCPA.

55. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled

to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant violated the RFDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)     An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)     Actual damages pursuant to CAL. CIV. CODE § 1788.30(a) and 47 U.S.C. § 227(b)(3)(B); and

(d)     As a result of Defendant's violation of the RFDCPA, Plaintiff is entitled to and requests statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(e)     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)     Costs and reasonable attorney fees pursuant to CAL. CIV. CODE § 1788.30(c); and

1  (h) Awarding Plaintiff any pre-judgment and post-judgment interest as
2  may be allowed under the law; and
3  (i) For such other and further relief as the Court may deem just and
4  proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action

RESPECTFULLY SUBMITTED,

Dated: June 30, 2014                Martin Law Group

By: /s/ Agnes Martin             _
     Agnes Martin, Esq.
     *Attorney for Plaintiff*